IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:06-CR-213-WKW |
| | ) | [WO] |
| CHRISTINE ALBIN | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Christine Albin's *pro se* motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) based upon Amendments 782 and 788 to the United States Sentencing Guidelines ("U.S.S.G."). (Doc. # 195.) Amendment 782, in conjunction with Amendment 788, retroactively reduced by two levels the base offense levels for most drug quantities in U.S.S.G. § 2D1.1(c). Albin's motion was referred to this district's Retroactivity Screening Panel ("Panel") for a recommendation on whether she is eligible for a sentencing reduction under § 3582(c)(2) and Amendments 782 and 788. The Panel was unable to reach a unanimous recommendation as to Albin's eligibility for a sentence reduction. For the reasons that follow, Albin's motion is due to be granted, and her sentence on Count 1 will be reduced from 78 months to 74 months, for a total term of imprisonment on Counts 1 and 3 of 134 months.[1]

---

[1] Amendment 782 does not affect Albin's 60-month consecutive sentence on the § 924(c) charge in Count 3. *See United States v. Mesa*, 649 F. App'x 711, 712 n.1 (11th Cir. 2016) ("Mesa concedes that her § 3582(c)(2) motion based on Amendment 782 did not implicate her mandatory,

# I. BACKGROUND

On December 4, 2007, Albin was sentenced to 138 months' imprisonment based upon her guilty plea to federal drug and firearm charges.  Albin's convictions exposed her to a statutory sentencing range of 10 years to life for conspiracy to traffic in cocaine powder and methamphetamine (Count 1) and a statutory mandatory minimum sentence of 5 years on a firearms offense under 18 U.S.C. § 924(c)(1)(A) (Count 3), to be served consecutively to Count 1.

At sentencing, the statutory mandatory minimum sentence restricted the floor of Albin's pre-departure guideline range on Count 1, narrowing the range from 108–135 months to 120–135 months.[2]  *See* U.S.S.G. §§ 5G1.1, 5G1.2 (Nov. 1, 2007). The Government moved for a three-level downward departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 based upon the substantial assistance provided by

---

consecutive 120-month sentence on Count 5, her firearm offense, which was imposed pursuant to 18 U.S.C. § 924(c).").

[2] The sentencing court held Albin accountable for 459.8 grams of powder cocaine, 680.4 grams of methamphetamine, and 133.1 grams of methamphetamine (actual).  Because more than one drug was involved, Albin's base offense level was calculated by converting the drugs to their marijuana equivalencies.  *See* U.S.S.G. § 2D1.1(a)(3) & (c)(4) (Nov. 1, 2007).  Under the November 1, 2007 Guidelines in effect when Albin was sentenced, the marijuana equivalency conversion produced a base offense level of 34.  After a three-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(b), Albin's total offense level was 31.  Her criminal history category was I.

Albin.[3]  Granting the motion, the court reduced the total offense level on Count 1 by three levels, which resulted in a sentencing range of 78 to 97 months.  Based on § 3553(e), which permits a court to impose a sentence below a statutory mandatory minimum sentence to reflect a defendant's substantial assistance to authorities, Albin received a sentence of 78 months on Count 1.  The court also imposed a 60-month consecutive sentence on Count 3, for a total term of imprisonment of 138 months.  (Doc. # 152, at 2 (Judgment).)  There was no appeal.

Years after Albin's sentence became final, the Sentencing Commission promulgated Amendment 782.  Effective November 1, 2014, Amendment 782 reduced by two levels the base offense levels for most drug quantities in U.S.S.G. § 2D1.1(c).  *See* U.S.S.G. Supp. to App. C, amend. 782 at 64–74, amend. 788, at 86–88 (Nov. 1, 2014).  Amendment 788, by including Amendment 782 on the list of amendments in U.S.S.G. § 1B1.10(d), made Amendment 782 retroactive so as to lower sentences of qualifying previously sentenced inmates, but delayed for one year the release of eligible offenders.[4]

---

[3] In its filed motion, the Government relied solely on § 5K1.1 and not § 3553(e).  (Doc. # 143.)  At the sentencing hearing, however, the Government orally moved to amend its motion to rely also on § 3553(e), and that motion was granted.

[4] A special instruction prohibited offenders from gaining release from custody under Amendment 782 prior to November 1, 2015.  *See* § 1B1.10(d); *see generally United States v. Maiello*, 805 F.3d 992, 994–95 (11th Cir. 2015) (discussing the history of Amendments 782, 788).

## II.  DISCUSSION

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions."  *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted).  Section 3582(c)(2) supplies one of those narrow exceptions and gives the district court discretion to modify a sentence if the following three prerequisites are met:  (1) The defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)"; (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the relevant factors set out in 18 U.S.C. § 3553(a) demonstrate that the defendant is entitled to relief.  § 3582(c)(2); *see also United States v. C.D.*, No. 15-3318, ___ F.3d ___, 2017 WL 694483, at *2 (10th Cir. Feb. 22, 2017) ("Section 3582(c)(2) plainly tells us a defendant must overcome three distinct hurdles before he may obtain a sentence reduction thereunder.").  As these requirements portend, a reduction of a sentence under § 3582(c)(2) "does not constitute a *de novo* resentencing."  *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000).

The Supreme Court of the United States has condensed the § 3582(c)(2) inquiry to two steps.  Step one examines a defendant's eligibility for a sentence

reduction and, where eligibility is met, the extent of the reduction authorized.  "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction."  *Dillon v. United States*, 560 U.S. 817, 827 (2010).  The court calculates the impact of the applicable guideline amendment on the sentencing range and leaves intact all other original sentencing findings.   The guideline amendment must lower the "applicable guideline range," which is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance."  U.S.S.G. § 1B1.10, comment. (n.1(A)).  Section 1B1.10 also dictates the extent of the reduction permitted.  For example, generally, an authorized reduction cannot dip below the amended guideline range, but where the original sentence was below the guideline range to reflect the defendant's substantial assistance to the government, § 1B1.10(b)(2)(B) permits a "comparable" reduction below the amended guideline range.  *Id.* § 1B1.10(b)(2)(B); *see also Dillon*, 560 U.S. at 827.

Step two involves the district court's analysis of the § 3553(a) factors.  The district court "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by reference to the policies

relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

The discussion is divided into three parts. Albin's eligibility for a sentence reduction under § 3582(c)(2) is established in the first part. The second part assesses the extent of a reduction authorized by § 1B1.10, and also explains why one subsection, namely, § 1B1.10(c), will not be applied. Finally, in the third part, the § 3553(a) factors are considered.

## A.   Whether Albin is Eligible for a Sentence Reduction

A defendant is eligible for a § 3582(c)(2) reduction when her term of imprisonment is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). A defendant who is "not sentenced 'based on' a guidelines range . . . is not eligible for a sentence modification under section 3582."[5] *United States v. Hughes*, No. 15-15246, ___ F.3d ___, 2017 WL 744010, at *5 (11th Cir. Feb. 27, 2017). For example, in *Hughes*, the Eleventh Circuit held that the defendant was ineligible for a § 3582(c)(2) sentence reduction because his binding plea agreement for a sentence of 180 months did not clearly provide that the "180-months recommendation [was] a guidelines sentencing range." *Id.* Additionally, § 3582(c)(2) does not authorize relief if the retroactive guideline

---

[5] In this opinion, references to "sentencing range" and "guideline(s) range" are synonymous.

amendment would "not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." § 1B1.10, comment. (n.1(A)) (Nov. 1, 2016).  Here, Albin is eligible for a sentence reduction.

At Albin's original sentencing, the statutory mandatory minimum established the floor of the guideline range, and § 2D1.1(c)'s drug quantity table set the ceiling of the range, resulting in a pre-departure guideline range of 120 to 135 months.  To determine Albin's eligibility for a § 3582(c)(2) sentence reduction, the court calculates the impact of Amendment 782 on Albin's pre-departure sentencing range, leaving intact all other sentencing findings.  Amendment 782 results in a two-level decrease in Albin's base offense level.  Specifically, Amendment 782 reduces Albin's base offense level from 34 to 32, and, after a three-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(b), Albin's total offense level is 29.  The intersection of a total offense level of 29 and a criminal history category of I yields a guideline range of 70 to 87 months; however, because Albin remains subject to a 10-year mandatory minimum, her new pre-departure guideline range is simply 120 months.  *See* U.S.S.G. §§ 5G1.1(b), 5G1.2.

Amendment 782 did not reduce the bottom of the original guideline range, which is the statutory mandatory minimum, but it did decrease the top of that range from 135 months to 120 months.  The court finds that Amendment 782's effect on

the top of the sentencing range demonstrates that Albin's term of imprisonment on Count 1 is "based upon a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2); *see also United States v. Valle*, 635 F. App'x 708, 710 (11th Cir. 2015) (observing that because "the mandatory minimum term fell within the otherwise applicable original guideline range, . . . [the defendant's guideline] range (up to the high end of 135 months) was still determined by drug quantity" and, therefore, Amendment 782 "ha[d] the effect of lowering [the defendant's] guideline range from 120–135 months to simply 120 months"); *United States v. Hargrove*, 732 F.3d 1253, 1255 (11th Cir. 2013) (holding that the defendant was eligible for a sentence reduction where Amendment 750 lowered the high-end of the applicable guideline range from 125 to 120 months).   Accordingly, Albin is eligible for a sentence reduction.

**B.**     **To What Extent § 1B1.10 Authorizes a Reduction**

Section 3582(c)(2) requires that the extent of the sentence "reduction [be] consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2).   The relevant "policy statement governing § 3582(c)(2) proceedings" is set forth in § 1B1.10.   *Dillon*, 560 U.S. at 819.   Before the court applies § 1B1.10, it is necessary to address (and reject) one of its subsections.

8

1.     *§ 1B1.10(c) (Amendment 780)*

At the same time Amendment 782 issued, the Sentencing Commission also promulgated Amendment 780.  *See* U.S.S.G. Supp. to App. C, amend. 780, at 53–56 (Nov. 1, 2014).  Among other things, Amendment 780 added a new subsection (c) to § 1B1.10.  Section 1B1.10(c), as amended in 2014, is titled "Cases Involving Mandatory Minimum Sentences and Substantial Assistance."  It provides:

> If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

§ 1B1.10(c) (Nov. 1, 2014).  Sections 5G1.1 and 5G1.2, as pertinent here, provide that, when the statutory mandatory minimum sentence exceeds part or all of the guideline range, the guideline range is restricted by the statutory mandatory minimum.  Because § 3553(e) authorized the court to sentence Albin below the statutory mandatory minimum sentence of 120 months on Count 1, § 1B1.10(c), if applied, bears on Albin's motion for a sentence reduction.  *See* § 1B1.10, comment. (n.8) (directing courts to "use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment").

Section 1B1.10(c), in effect, overrides the applicability of a statutory mandatory minimum penalty when the defendant has received a substantial-

assistance departure below that minimum.  In *Dillon*, the Supreme Court concluded that § 1B1.10 is binding on courts in § 3582(c)(2) proceedings.  *See* 560 U.S. at 824–28.  But the Court decided *Dillon* prior to § 1B1.10(c)'s amendment in 2014, and it was not confronted with a guideline policy statement that overruled a statute's application.  For the reasons this court set forth in *United States v. Sawyer*, No. 2:06-CR-298-WKW, 2016 WL 7045732 (M.D. Ala. Dec. 2, 2016), § 1B1.10(c) "flies in the face of Congress's minimum penalties for specified drug crimes," and where "there is a conflict between a guideline policy statement and a federal statute, the guideline must give way."  *Id.* at *8.

The 10-year statutory mandatory minimum applicable to Albin's conviction on Count 1 will not be ignored in this § 3582(c)(2) proceeding.  Because the Sentencing Commission has no authority to override the statutory mandatory minimum sentence, § 1B1.10(c) will not be applied to determine the extent of Albin's reduction.[6]  In all other respects, the court adheres to § 1B1.10.

### 2.      *§ 1B1.10(b)(2)(B)*

Section 1B1.10(b)(2)(B) applies for determining the extent of Albin's reduction.  "If the term of imprisonment imposed was less than the term of

---

[6] It is unnecessary for purposes of this case to resolve whether § 1B1.10(c) is a policy statement that addresses § 3582(c)(2)'s "based on" clause or its "consistent with" clause.  *See generally United States v. Felton*, 3:07cr261-WKW (M.D. Ala. Mar. 8, 2017) (Doc. # 212, at 15 n.8) (noting differing views among courts).

imprisonment provided by the guideline range . . . pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range . . . may be appropriate." *Id.* § 1B1.10(b)(2)(B). Albin's original pre-departure guideline range on Count 1 was to 120 to 135 months, and the term of imprisonment ultimately imposed on Count 1 was 78 months due to the government's motion to reflect the substantial assistance Albin provided to authorities. The term of imprisonment imposed (78 months) was less than the term of imprisonment provided by the guideline range (120 to 135 months). The prerequisites of § 1B1.10(b)(2)(B) are met, and the court finds that a substantial-assistance reduction that is comparably less than the amended guideline range of 120 months is appropriate in this case.

The court finds that the offense-level-based approach, which was employed at the original sentencing hearing, provides a reasonable method for calculating a comparable reduction from the amended guideline range to reflect Albin's substantial assistance. *See United States v. Marroquin-Medina*, 817 F.3d 1285, 1292–93 (11th Cir. 2016) (holding that the district court has discretion to use any reasonable method to calculate a comparable reduction under § 1B1.10(b)(2)(B), but noting that, "where the sentencing court in a § 3582(c)(2) proceeding employs the same methodology to calculate a reduction that it employed when calculating the degree of the original § 5K1.1 departure, the sentencing court's calculations will

usually result in a comparable reduction for the purposes of § 1B1.10(b)(2)(B)").  At her original sentencing, Albin received a three-level departure for substantial assistance under § 5K1.1 and § 3553(e).  For purposes of again departing three levels in a manner analogous to the original departure, it is appropriate to set the starting point of the departure at the statutory mandatory minimum sentence (120 months), and not the otherwise applicable lower guideline range (70 to 87 months) that Amendment 782 yields.  *Cf. United States v. Head*, 178 F.3d 1205, 1206–08 (11th Cir. 1999) (holding that, at an original sentencing hearing, where the guideline range is lower than the statutory mandatory minimum sentence, the starting point for a substantial assistance departure is the statutory mandatory minimum).

To make a comparable departure, the court will correlate the statutory mandatory minimum with a guideline offense from the sentencing table.  Two guideline offense levels (when intersected with a criminal history category of I) have a range that includes 120 months:  level 30 with a range of 97 to 121 months; and level 31 with a range of 108 to 135 months.  Level 31 has a corresponding lower end, 121, that is closest to the mandatory minimum of 120 months, but a three-level departure from level 31 results in the same range (78 to 97 months) that the departure yielded at Albin's original sentencing.  Because a level 31 makes no difference in the available sentencing options, notwithstanding that Amendment 782 has resulted in some benefit to Albin by reducing the high end of her sentencing range, the court

12

will use level 30, the lowest offense level encompassing 120 months, as the starting point.

A three-level departure from level 30 to level 27 produces a range of 70 to 87 months. At the original sentencing hearing, the court sentenced Albin to the bottom of the post-departure range of 78 to 87 months; however, two factors cut against a sentence at the bottom of the new range. First, the original 78-month sentence was fashioned against the backdrop of a pre-departure sentencing range that, just as here, had a floor of 120 months. Second, Albin today receives the benefit of the lowest level containing 120 months (level 30) for the starting point of the three-level substantial-assistance departure. After careful consideration, the court finds that a reduced sentence of 74 months on Count 1 (which is the midpoint between the low-end of offense level 30 and Albin's current sentence on Count 1) reflects a comparable departure.

## C.   Whether the § 3553(a) Factors Warrant a Reduction

Finally, the applicable § 3553(a) factors must be assessed to determine whether the authorized reduction is warranted. The court has considered the § 3553(a) factors—in particular, the nature and circumstances of the offense and Albin's history and characteristics, the need for her sentence to reflect the seriousness of the offense, and the need to promote respect for the law and afford

adequate deterrence.  In light of the applicable § 3553(a) factors, the court finds that 74 months is a reasonable and appropriate sentence on Count 1.

## III.  CONCLUSION

Based on the foregoing, it is ORDERED that Christine Albin's *pro se* motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) based upon Amendments 782 and 788 (Doc. # 195) is GRANTED and that Albin's previously imposed sentence of 78 months on Count 1 is REDUCED to 74 months, for a total term of imprisonment on Counts 1 and 3 of 134 months.  All other provisions of the Judgment (Doc. # 171) remain in full force and effect.

DONE this 9th day of March, 2017.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE